■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARNEST OWENS, Appellant. [700 NYS2d 1] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered February 9, 1998, convicting defendant, after a jury trial, of crimi-

nal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of 7½ years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's request for a missing witness charge since defendant did not make a prima facie showing that the uncalled witness was knowledgeable about a material issue or capable of providing noncumulative testimony (*see, People v Gonzalez*, 68 NY2d 424).

The court properly exercised its discretion in denying defendant's mistrial motion based on the cross-examination of Sergeant Bittner during which he expressed his belief that the information in defendant's confession was accurate because it was consistent with information the sergeant had obtained from other interviews. Defendant clearly opened the door to this evidence (*see, People v Melendez*, 55 NY2d 445). The sergeant did not readily offer any reference to other interviews, and defense counsel repeatedly pressed the sergeant to explain his basis for concluding that the confession was valid, clearly insinuating that there was no such basis. This resulted in the witness's reference to the consistency of "other interviews". Concur—Lerner, J. P., Saxe, Buckley and Friedman, JJ.